1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8  TOMAS GARCIA-GUZMAN,                    )
                                          )
9                         Petitioner,     )    Case No. C09-1777-RSL-BAT
                                          )
10         v.                             )
                                          )    **REPORT AND**
11  A. NEIL CLARK, Field Office Director, U.S. )   **RECOMMENDATION**
    Immigration and Customs Enforcement,  )
12                                        )
                          Respondent.     )
13  _____ )

14              I.       INTRODUCTION AND SUMMARY CONCLUSION

15         Petitioner Tomas Garcia-Guzman, proceeding pro se, has filed a Petition for Writ of

16  Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges the lawfulness of his continued

17  detention by the U.S. Immigration and Customs Enforcement ("ICE").  (Dkt. No. 6.)  He

18  requests that "the Court Order the Petitioner to be released on supervised release without the

19  surety of bond," asserting that he is indigent and cannot afford to pay a bond.  *Id.* at 2.

20  Respondent has filed a motion to dismiss, arguing, *inter alia,* that petitioner is lawfully detained

21  pursuant to Section 236(a) of the Immigration and Nationality Act ("INA").  (Dkt. No. 12.)

22         For the reasons set forth below, the Court recommends that respondent's motion to

23  dismiss be **GRANTED**, and this matter be **DISMISSED** with prejudice.

REPORT AND RECOMMENDATION - 1

II.      BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico.  (Administrative Record ("AR") R37.)  On October 9, 2002, he was admitted to the United States as a non-immigrant with authorization to remain in the country for a temporary period not to exceed October 15, 2003.  (AR R43-44.)  Petitioner remained in the United States beyond October 15, 2003, without authorization from the government.  (AR L5.)

On August 27, 2008, ICE arrested petitioner and served him with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal under INA § 237(a)(1)(B), for having remained in the United States for a time longer than permitted.  (AR L3-5.)  ICE made an initial custody decision to set bond in the amount of $15,000.  (AR L2.)  Petitioner requested and received a bond redetermination hearing on October 10, 2008, before an Immigration Judge ("IJ") who ordered that bond remain at $15,000.  (AR L9.)  Petitioner filed a second motion for custody redetermination.  (AR L11-14.)  On November 6, 2008, the IJ denied petitioner's motion based on a finding that he had not presented materially changed circumstances since the prior hearing.  (AR L29.)

On January 6, 2009, the IJ ordered petitioner removed to Mexico based on the charges contained in the Notice to Appear.  (AR L141-42.)  Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on March 31, 2009.  (AR L143-44.)  Petitioner filed a petition for review of the BIA's decision with the Ninth Circuit Court of Appeals, along with a motion for stay of removal.  *See Garcia-Guzman v. Holder*, No. 09-70994 (9th Cir. April 6, 2009).  Pursuant to Ninth Circuit General Order 6.4(c)(1), a temporary stay of removal automatically issued.  *See id.*  Petitioner's petition for review remains pending in the Ninth Circuit.

REPORT AND RECOMMENDATION - 2

1    While his petition for review was pending, petitioner requested another bond

2 redetermination hearing before the IJ.  On April 28, 2009, the IJ denied petitioner's request for a

3 change in custody status based on a finding that he had not presented materially changed

4 circumstances since the prior hearing.  *See Garcia-Guzman v. Clark*, Case No. C09-803-MJP

5 (W.D. Wash. 2009)(Dkt. No. 13, Ex. 12.)  Petitioner appealed the IJ's bond decision to the BIA,

6 arguing that he was entitled to a custody hearing pursuant to *Prieto-Romero v. Clark*, 534 F.3d

7 1053 (9th Cir. 2008); and *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir.

8 2008).  *Id.*  On June 11, 2009, while his appeal of the IJ's bond decision was pending with the

9 BIA, petitioner filed his first habeas petition in this Court, challenging the lawfulness of his

10 continued detention.  *See Garcia-Guzman*, Case No. C09-803-MJP.

11    On July 15, 2009, the BIA remanded to the IJ for further bond proceedings pursuant to

12 *Prieto-Romero*.  *Id.*  On July 20, 2009, ICE conducted a custody review of petitioner's case and

13 reduced his bond amount to $2,500.  (AR R80, R89.)  On July 30, 2009, petitioner was also

14 provided a *Prieto-Romero* bond hearing before an IJ.  (AR L166.)  However, petitioner withdrew

15 his request for a bond hearing and waived appeal of his withdrawal, and no action was taken by

16 the IJ.  *Id.*  On November 18, 2009, the Honorable Marsha J. Pechman, United States District

17 Judge, dismissed petitioner's first habeas petition, finding that he had received the relief sought

18 by his habeas petition – a bond review which resulted in a substantially lower bond amount.

19 *Garcia-Guzman*, Case No. C09-803-MJP (Dkt. No. 19).

20    On December 14, 2009, petitioner filed the instant action, asking that "the Court order the

21 Petitioner to be released on supervised release without the surety of bond."  (Dkt. No. 6 at 2.)

22 On February 5, 2010, respondent filed a Return Memorandum and Motion to Dismiss.  (Dkt. No.

23 12.)  Petitioner did not file a response.

REPORT AND RECOMMENDATION - 3

III.    DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings.  *See* INA § 236, 8 U.S.C. § 1226.  That provision provides the Attorney General with discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in Section 236(c), for whom detention is mandatory.  *See id.*  Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231.

Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  INA § 241(a)(1)(A).  During the 90-day removal period, continued detention is required.  INA § 241(a)(2).  The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1)(B), which provides:

The removal period begins on the latest of the following:

(i)     The date the order of removal becomes administratively final.

(ii)    <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

(iii)    If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(B)(emphasis added).  Thus, pursuant to INA § 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under INA § 236(a) until the court renders its decision.  *See Prieto-Romero*, 534 F.3d at 1059.

REPORT AND RECOMMENDATION - 4

1    In *Prieto-Romero*, the Ninth Circuit held that aliens who are in immigration detention

2    pending judicial review of an administratively final order of removal are entitled to an

3    individualized bond hearing before an Immigration Judge. *Prieto-Romero*, 534 F.3d at 1053.

4    The Ninth Circuit determined that even though an alien's continued detention is authorized by

5    INA § 236(a), "due process requires 'adequate procedural protections' to ensure that the

6    government's asserted justification for physical confinement 'outweighs the individual's

7    constitutionally protected interest in avoiding physical restraint.'"  *Prieto-Romero*, 534 F.3d at

8    1065 (quoting *Zadvydas*, 533 U.S. 678, 690-91 (2001)).  The Court thus held that an alien has the

9    right to contest the necessity of his detention before a neutral decision maker and an opportunity

10   to appeal that determination to the BIA.  *See Prieto-Romero*, 534 F.3d at 1066 (citing 8 C.F.R. §

11   236.1(d); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)(holding that "an Immigration Judge

12   must consider whether an alien who seeks a change in custody status is a threat to national

13   security, a danger to community at large, likely to abscond, or otherwise a poor bail risk.")).

14   In the present case, the Ninth Circuit has issued a stay pending its review of petitioner's

15   removal order.  Because his removal order has been stayed by the Ninth Circuit pending its

16   review of the BIA's decision, the removal period has not yet begun and INA § 236(a) still

17   applies.  *See id*.

18   Petitioner requests that "the Court Order the Petitioner to be released on supervised

19   release without the surety of bond, as the bond amount currently in place, has been the only thing

20   in the way of his release." Dkt. No. 6 at 2.  Respondent argues that petitioner's case is moot

21   because he has been given all of the benefits of due process to which he is entitled.  Dkt. No. 12

22   at 6.  The Court agrees with respondent.

23   As this Court previously found, petitioner has received four bond hearings before an IJ.

REPORT AND RECOMMENDATION - 5

*See Garcia-Guzman*, Case No. C09-803-MJP (Dkt. No. 19 at 2.)  Petitioner received two bond

hearings on October 10, 2008, and on November 6, 2008, while his case was pending before the

IJ and the BIA, and a third bond hearing on April 28, 2009, while his appeal was pending in the

Ninth Circuit.  On July 14, 2009, ICE reviewed his custody status and reduced his bond amount

from $15,000 to $2,500.  Thereafter, he received a fourth bond hearing on July 30, 2009,

pursuant to the holding in *Prieto-Romero*.  Although petitioner withdrew his fourth bond request

before the IJ rendered his decision, the record shows that the requirements of due process have

been met.  *See Prieto-Romero*, 534 F.3d at 1066 (holding that due process is satisfied once an

alien has "had an opportunity to contest the necessity of his detention before a neutral

decisionmaker and an opportunity to appeal that determination to the BIA.").

　　　　Petitioner asserts that he has no ability to pay the $2,500 bond amount, and requests that

he be granted supervised release without the necessity of a bond.  (Dkt. No. 6 at 2, 5.)  However,

the Attorney General's decision to grant release on bond or conditional parole is a discretionary

act, and petitioner does not allege any abuse of that discretion.  *See Prieto-Romero*, 534 F.3d at

1058, 1067 (citing 8 U.S.C. § 1226(e)("The Attorney General's discretionary judgment

regarding the application on this section shall not be subject to review.  No court may set aside

any action or decision by the Attorney General under this section regarding the detention or

release of any alien or the grant, revocation, or denial of bond or parole.")).  Accordingly, the

Court has no jurisdiction to review the reasonableness of petitioner's $2,500 bond amount, even

if he is unable to afford it.  *See id.*

IV.　　CONCLUSION

　　　　For the foregoing reasons, I recommend that respondent's motion to dismiss (Dkt. No.

12) be **GRANTED**, and that this matter be **DISMISSED** with prejudice.  A proposed Order

REPORT AND RECOMMENDATION - 6

1    accompanies this Report and Recommendation.

2        DATED this 12th day of April, 2010.

3

4                                                    _____
                                                     BRIAN A. TSUCHIDA
5                                                    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 7